Filed 6/26/13  P. v. Barajas CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E054746 |
| v. | (Super.Ct.No. FWV1001187) |
| JUAN TRUJILLO BARAJAS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Stephan G. Saleson, Judge.  Affirmed.

William A. Elliott for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Barry Carlton and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

1

## I.  INTRODUCTION

Defendant Juan Trujillo Barajas appeals from his conviction of continuous sexual abuse (Pen. Code,[1] § 288.5, subd. (a)), two counts of lewd acts on a child under the age of 14 (§ 288, subd. (a)), 13 counts of committing a lewd act on a 14- or 15-year-old child (§ 288, subd. (c)(1)), six counts of forcible rape (§ 261, subd. (a)(2)), and two counts of oral copulation of a child under the age of 16 (§ 288a, subd. (b)(2)) and his resulting 58-year prison sentence.

Defendant contends (1) the prosecutor violated a court ruling in closing argument by referring to statements the victim's aunt made to the victim during a telephone conversation, and (2) the trial court improperly excluded the victim's statement during a pretext telephone call to defendant and defendant's response to that statement.  We find no error and we affirm.

## II.  FACTS AND PROCEDURAL BACKGROUND

Defendant was victim Jane Doe's stepfather.  Doe was born in 1994.  Until high school, she shared a room with defendant, her mother, and two younger siblings, in a home they shared with other relatives in Montclair.  After Doe turned 12 years old, defendant began to fondle her vaginal area over her clothing; he did that at least 10 times. When she was 13, defendant began to have penile-vaginal sex with her; that occurred once or twice a week until she was 15.  The abuse usually happened after Doe got home from school when no other adult was at home or during the night when everyone else was

---

[1] All further statutory references are to the Penal Code except as otherwise indicated.

asleep. Defendant would pull Doe into a bedroom, tell her to undress, and have sex with her. He usually stood next to the bed with Doe lying in front of him, and he pulled her legs apart. After penetrating her, he would withdraw and ejaculate into napkins he kept in his pocket. After Doe turned 14, he orally copulated her twice and ordered her to orally copulate him once. He sometimes used his fingers to penetrate her vagina. He also had sex with her in Doe's mother's car and in the restaurant where he and Doe worked.

Defendant repeatedly told Doe not to tell anyone about the molestations. He said no one would believe her, and she would be kicked out of the house. Doe did not report the molestations for years because she believed her siblings loved defendant, and she did not want to destroy the family. In a telephone conversation, Doe eventually told her Aunt Sandra, who lived in another state, about the molestations. The aunt told Doe that if she told anyone, she should tell only a trusted friend. The aunt also said Doe could live with a relative if she was kicked out of the home. Doe told school friends about the abuse, the friends told school officials, and the police were called.

The jury found defendant guilty of one count of continuous sexual abuse (§ 288.5, subd. (a)); two counts of lewd acts on a child under the age of 14 (§ 288, subd. (a)); 13 counts of committing a lewd act on a 14- or 15-year-old child (§ 288, subd. (c)(1)); six counts of forcible rape (§ 261, subd. (a)(2)); and two counts of oral copulation of a child under the age of 16 (§ 288a, subd. (b)(2)). The trial court sentenced him to 58 years in prison.

Additional evidence is set forth in the discussion of the issues to which it pertains.

3

## A. Prosecutorial Misconduct

Defendant contends the prosecutor violated a court ruling in closing argument by referring to statements the victim's aunt made to the victim during a telephone conversation.

### 1. Additional Background

Defendant moved in limine to exclude statements Doe's aunt made to Doe in telephone conversations. In a first conversation, the aunt questioned Doe about what defendant had done to her. In a second conversation, the aunt said that Doe could stay with a relative if she were kicked out of the house and that she should tell only a trusted friend about the abuse. The trial court preliminarily ruled it would exclude the aunt's portion of the first conversation because she was not available as a witness.

Later, the trial court ruled the second conversation would be admissible: "I will allow the part about that she, you know, could stay with somebody and if you are going to tell somebody, because that gives the context." The court added, "Well, to the extent that there is an objection to the part about that [Doe] could go live someplace else, that is overruled. If there is an objection to the part about, 'If you are going to tell anybody, tell a close friend,' that part is overruled. But I will instruct the jury, as I just did a few minutes ago when you objected to hearsay, that those statements are not going to be admitted for the truth of the matter."

As recounted above, at trial Doe testified that she reported the abuse to school friends shortly after a telephone conversation with her aunt.

4

During closing argument, the prosecutor stated, "She's on the phone with Aunt Sandra. Aunt Sandra has a conversation with Jane Doe, and in response to something Sandra says, the victim told her, the very first person the victim ever told about the molestation. Sandra said she'd take care of it, she'd find the victim a safe place to live and to only tell close friends." No objection was raised.

### 2. Analysis

Defendant bases his argument on the trial court's ruling to exclude evidence of the first telephone conversation. However, the trial court expressly allowed the second conversation into evidence, and the prosecutor's argument referred to that second conversation. Consequently, the prosecutor did not commit misconduct.

## B. Exclusion of Evidence

Defendant contends the trial court improperly excluded the victim's statement during a pretext telephone call to defendant and defendant's response.

### 1. Additional Background

At the direction of police, Doe made a pretext telephone call to defendant, during which the victim falsely stated she was pregnant. Defendant responded by saying, "'Who's the boy that did it to you.'" Defendant sought to admit Doe's statement that she was pregnant and argued that his own response was hearsay. He argued Doe's statement would impeach her credibility because she was not actually pregnant, and the statement showed she was willing to set defendant up for a crime. The trial court excluded Doe's statement on the grounds it was irrelevant and misleading, but stated it would reconsider its ruling if defendant testified.

*2. Standard of Review*

We review the trial court's ruling on the admissibility of evidence under the deferential abuse of discretion standard. (*People v. Gutierrez* (2009) 45 Cal.4th 789, 827.)

*3. Analysis*

Evidence must be relevant to be admissible. (Evid. Code, § 350.) "Relevant evidence" is evidence that reasonably tends to prove or disprove any disputed material fact. (Evid. Code, § 210.) The trial court has discretion to exclude relevant evidence if its probative value is outweighed by the likelihood of prejudice, of confusing the jury, or of undue consumption of time. (Evid. Code, § 352.)

Defendant sought to introduce Doe's statement to attack her credibility. However, Doe made the statement during a pretext telephone call at the direction of police officers. Thus, the trial court could properly determine that the conversation was of marginal relevance to Doe's credibility. Moreover, the trial court could reasonably determine that introduction of the conversation would have necessitated further evidence as to the circumstances under which it was made, including evidence that a law enforcement officer had originated the ruse. And, as the prosecutor pointed out, introduction of the statement would have required disproving that Doe was pregnant. We conclude the trial court did not abuse its discretion in concluding that the probative value of the proffered evidence was substantially outweighed by the probability that its admission would confuse the issues or lead to undue consumption of time. (See, e.g., *People v. Valdez* (2012) 55 Cal.4th 82, 133-134.)

6

Defendant argues for the first time on appeal that his own response to Doe's statement should have been admitted as a spontaneous declaration. Although his counsel stated in the trial court that defendant's statement was spontaneous, his counsel also stated he was not trying to admit that statement. We conclude defendant has forfeited his argument.

## IV. DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

RICHLI
J.

MILLER
J.